418 P.2d 981

**A. L. WILLIAMS & SONS, a corporation, Plaintiff and Appellant,**

v.

**Anthon E. BROWN and Lucille Brown, Defendants and Respondents.**

No. 10518.

Supreme Court of Utah.

Oct. 19, 1966.

William J. Cayias, Salt Lake City, for appellant.

Richard W. Campbell, Ogden, for respondents.

HENRIOD, Chief Justice:

Appeal from a judgment for damages on a counterclaim. Affirmed, with costs to Brown.

Williams & Sons, promoters of a shopping center, deeded property to Brown, with an easement of ingress and egress to the center. Everyone conceded that Williams Company knowingly and deliberately projected the wall of one of its buildings onto the easement over the previous protest and without the consent of Brown. This obviously created a cause of action in Brown.

The only two points on appeal are that after the admittedly illegal intrusion, Brown did not assert his right of protest for somewhere between 6 to 10 months thereafter, and therefore is precluded from asserting his claim 1) because of laches and 2) the evidence was insufficient to show any damage to Brown by the unlawful intrusion. We see no merit in either contention.

As to 1): The record discloses written warnings by Brown's counsel alerting Williams against any anticipated infraction of Brown's rights, and verbal protestations by Brown to the same effect, with complete absence of consent to the abortive action of Williams. We know of no case invoking the doctrine of laches under such circumstances.

As to 2): Because of the nature of shopping centers, evidence that Brown had lost nothing in his business by the intrusion, is not compelling since he might have gained more business but for the invasion of his property right. Were lack of actual damages to business the test, one, by private eminent domain, could encroach upon his neighbor's domain and take his property with immunity simply by claiming such taking really would not hurt the latter business-wise. The neighbor might later decide to dedicate his land or easement to cemetery or other purposes which may require space. It is not in the mouth of the tortfeasor to defend on a no-damage basis, using his own wrong to try and prove it.

No point was made on appeal that the damages awarded were excessive or arbitrary, although there was some talk about it. We need not canvass this point, therefore, but simply conclude that obviously there was damage, and that Brown had a cause of action therefor.

McDONOUGH, CROCKETT, CALLISTER and TUCKETT, JJ., concur.